IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIRON B. SPRINGFIELD,

    Plaintiff,               No. 2:13-cv-1442 KJN P

    vs.

WARDEN VISMAL SINGH, et al.,

    Defendants.         ORDER

_____/

    Plaintiff is a state prisoner proceeding without counsel.  Plaintiff consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

1

trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Here, plaintiff alleges he was denied access to the exercise yard, in violation of the Eight Amendment, and that defendant Ford[1] retaliated against plaintiff for filing a complaint by prematurely discharging plaintiff from the Vacaville Psychiatric Program ("VPP") in violation of plaintiff's due process rights.  The court addresses these claims below.

1. Exercise

Plaintiff alleges that on December 15, 2011, plaintiff was admitted to the Department State Hospital ("DSH") VPP, and that due to his maximum custody status, he was placed on Discretionary Program Status ("DPS") pending review by the Institutional Classification Committee ("ICC").  Plaintiff claims that defendants Singh and Arnold "knowingly failed to reduce the plaintiff's maximum custody designation so he could receive access to the exercise yard, and knowingly allowed the plaintiff to decompensate on DPS." (ECF No. 1 at 7-8.) Plaintiff contends that the denial of access to the exercise yard imposed an atypical and significant hardship on plaintiff in violation of the Eighth Amendment.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII.  "An Eighth Amendment claim that a prison official has deprived inmates of

---

[1] Although plaintiff mentions defendants Singh and Arnold in this claim, it does not appear that plaintiff claims defendants Singh and Arnold acted in retaliation.

3

humane conditions must meet two requirements, one objective and one subjective." Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995). "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities. The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference." Id. (citations omitted).

Long-term deprivation of outdoor exercise may violate the Eighth Amendment. Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). However, a temporary denial of outdoor exercise may not violate the Eighth Amendment. Compare Lopez v. Smith, 203 F.3d 1122, 1133 (9th Cir. 2000) (six-and-a-half week denial of all outdoor exercise for prisoner in special housing unit constituted deprivation sufficient to implicate the Eighth Amendment); Keenan v. Hall, 83 F.3d 1083, 1089-90 (9th Cir.1996) (defendants were not entitled to summary judgment on claim that inmate was not provided with outdoor exercise for 6 months while in segregation); Allen v. Sakai, 48 F.3d 1082, 1087-88 (9th Cir.1994) (six-week restriction of outdoor exercise to 45 minutes per week for prisoner in indefinite segregation constituted a deprivation sufficient to implicate the Eighth Amendment); with May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (temporary 21-day denial of outdoor exercise, with no medical effects, was not a substantial deprivation). A temporary denial of outdoor exercise must have adverse medical effects to meet the objective prong for an Eighth Amendment violation, while a long-term deprivation is substantial regardless of medical effects. Lopez, 203 F.3d at 1133 n.15.

Here, plaintiff fails to quantify the amount of time he was allegedly subjected to a lack of outdoor exercise. However, documents provided by plaintiff reflect that ICC hearings took place on January 11, 18, and 25, 2012 (ECF No. 1 at 7-8), and plaintiff was removed from DPS status on June 6, 2012, and placed on STEP 1.[2] (ECF No. 1 at 11.) On June 19, 2012, plaintiff was granted STEP 2 status, which allowed plaintiff access to the yard. (Id.) The August 1, 2012 first

---

[2] "STEP" is an acronym for "System to Encourage Progress." (ECF No. 1 at 24.)

4

level appeal response confirms that plaintiff's "[a]ccess to the exercise yard was granted once ICC and STEP level requirements were met." (ECF No. 1 at 11.)³ Thus, it appears that any denial of outdoor exercise was temporary.

Moreover, plaintiff couches this claim in terms of defendants' failure to reduce plaintiff's classification. Plaintiff does not have a constitutional right to a particular classification. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (rejecting claim that a parole violator warrant and detainer adversely affected his prison classification and qualification for institutional programs); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) ("a prisoner has no constitutional right to a particular classification status").

In addition, in the August 1, 2012 first level appeal response, plaintiff was informed that "[p]atients on DPS are not eligible for yard privileges." (ECF No. 1 at 11.) Plaintiff was removed from DPS on June 6, 2012, and placed on Step 1 of the STEP program. (Id.) Plaintiff also provided exhibits that suggest that access to the yard was limited to participants in the STEP program in order to encourage inmates to progress through the program. (ECF No. 1 at 31-32.) If plaintiff's access to the yard was limited due to his failure to abide by the program's rules, or his unwillingness to avail himself of an opportunity to attend yard, such inability to attend yard would not rise to the level of a constitutional violation.

Accordingly, the court finds that plaintiff's claim regarding an inability to access the exercise yard is too vague and conclusory, but will grant plaintiff leave to file an amended complaint should plaintiff be able to allege facts demonstrating a cognizable civil rights violation.

////

////

---

³ The appeal response also notes that even when yard access became available, plaintiff "declined nearly every opportunity to participate until [plaintiff's] return to CDCR on July 20, 2012." (ECF No. 1 at 11.)

2. <u>Discharge from VPP</u>

Plaintiff claims defendant Ford prematurely discharged plaintiff from the VPP in violation of his due process rights. However, plaintiff does not have a due process right to be treated in the VPP, and documents appended to the complaint reflect that plaintiff's treatment team discharged plaintiff for the following reasons:

> The 7/16/12 treatment team believed [plaintiff] received the maximum benefit in his stay in P-3. He is currently on his baseline level of functioning. He is not psychotic and suicidal. He spent his time writing complaints to different state agencies regarding what P-3 does not offer and he has not shown a genuine interest in what P-3 has to offer. We are therefore discharging [plaintiff] back to CDCR where he will serve remaining sentence.

(ECF 1 at 35.) Plaintiff includes no allegations that would give rise to a due process violation.

Prisoners have no constitutional rights to be incarcerated at a particular correctional facility. <u>Meachum v. Fano</u>, 427 U.S. 215, 224-25(1976). However, an inmate's alleged removal from a particular program in retaliation for the exercise of a constitutionally protected activity may state a claim for relief. See <u>Vignolo v. Miller</u>, 120 F.3d 1075, 1077-78 (9th Cir. 1997) (inmate's alleged removal from prison job in retaliation for the exercise of a constitutionally protected activity may state a claim for relief).

Here, plaintiff claims defendant Ford prematurely discharged plaintiff from the VPP in retaliation for plaintiff "filing a complaint." (ECF No. 1 at 8-9.) Plaintiff does not identify the complaint, or provide details concerning defendant Ford's involvement therewith. (<u>Id</u>.) Thus, plaintiff's claim of retaliation is vague and conclusory. In order to state a claim under 42 U.S.C. § 1983 for retaliation, plaintiff must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. <u>Rizzo v. Dawson</u>, 778 F.2d 527 (9th Cir. 1985). Plaintiff must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See <u>Pratt v. Rowland</u>, 65 F.3d 802, 807-08 (9th Cir. 1995) (there must be probative evidence to establish a crucial link in the logical chain required to support

retaliation; timing alone is insufficient). Plaintiff is required to show that the exercise of his First Amendment rights was chilled, although not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000) (plaintiff promptly contested the charge against him and won); see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005). "[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Id., 408 F.3d at 567-68. Thus, in any amended complaint, plaintiff must allege facts supporting each element of his retaliation claim.

For all of the above reasons, plaintiff's retaliation claim is dismissed with leave to amend.

3. Amended Complaint

As set forth above, the court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983

1  unless there is some affirmative link or connection between a defendant's actions and the
2  claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,
3  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official
4  participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,
5  268 (9th Cir. 1982).
6          In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in
7  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
8  complaint be complete in itself without reference to any prior pleading.  This requirement exists
9  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
10 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
11 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
12 original complaint, each claim and the involvement of each defendant must be sufficiently
13 alleged.
14         In accordance with the above, IT IS HEREBY ORDERED that:
15         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
16         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
17 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
18 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
19 Director of the California Department of Corrections and Rehabilitation filed concurrently
20 herewith.
21         3.  Plaintiff's complaint is dismissed.
22         4.  Within thirty days from the date of this order, plaintiff shall complete the attached
23 Notice of Amendment and submit the following documents to the court:
24             a.  The completed Notice of Amendment; and
25             b.  An original and one copy of the Amended Complaint.
26 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: August 26, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

spri1442.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIRON B. SPRINGFIELD,

    Plaintiff,               No. 2:13-cv-1442 KJN P

    vs.

WARDEN VISMAL SINGH, et al.,     NOTICE OF AMENDMENT

    Defendants.

_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____     Amended Complaint

DATED:

                                  _____
                                  Plaintiff