UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L. BENDER, et al.,<br><br>　　　　Defendants. | No.  2:13-cv-1442 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel.  This action is proceeding on plaintiff's claims that defendants Bender and Ford deprived plaintiff of outdoor exercise for six and one-half months, and that defendant Ford prematurely discharged plaintiff from the VPP-P3 program in retaliation for plaintiff using the prison appeal system.  (ECF No. 15 at 1.)  Several motions are pending, which the court addresses below.

I.  Motion to Compel Discovery

On April 20, 2015, plaintiff filed a motion to compel defendants Bender and Ford to produce documents that plaintiff references as "Exhibit A."  (ECF No. 32 at 2, citing 32 at 6.) Plaintiff states that on March 16, 2015, he submitted a timely request for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure, but that defendants failed to produce the documents in a timely manner.  (ECF No. 32 at 2.)  However, plaintiff signed his motion on April 13, 2015, less than thirty days after he submitted the request.  Pursuant to the court's initial

1

discovery order, responses to discovery requests are due 45 days after the request is served. (ECF No. 26 at 4.) Thus, plaintiff's motion to compel further responses to the request for production of documents is premature and is denied.

II. "Extended" Motion to Compel Discovery

On May 11, 2015, plaintiff filed a document styled "Extended Motion Compelling Inspection/Production of Documents." (ECF No. 34 at 1.) Plaintiff claims that in defendants' March 18, 2015 answers to interrogatories, defendants "failed to answer certain interrogatories under objection." (ECF No. 34 at 1.) Plaintiff claims that on Mar16, 2015, he served a request for inspection and production of documents on defendants, but that defendants "failed to comply with the Rules of Court." (ECF No. 34 at 2.)

A. Untimely

Pursuant to the court's second order revising the scheduling order, the discovery deadline was extended to April 15, 2015, and the order expressly states that "[a]ny motions necessary to compel discovery shall be filed by that date." (ECF No. 30 at 1.) Plaintiff's proof of service for this motion was signed on May 6, 2015,[1] after the discovery deadline expired. Thus, plaintiff's motion is untimely and is denied.

B. Legally Insufficient Motion

Moreover, even if plaintiff's motion were timely filed, plaintiff's motion is insufficient for the following reasons.

Plaintiff claims that defendants' answers to interrogatories were evasive and without "specification of the objection." (ECF No. 34 at 3.) Plaintiff argues that defendants' boilerplate objections violate the Rules of Court. Plaintiff appears to argue that he is entitled to receive any document supporting defendants' answers to interrogatories, and that defendants' failure to provide the documents requested violates the Federal Rules. Liberally construed, it appears plaintiff contends that defendants' boilerplate objections to his discovery requests are unsupported and that the court should therefore overrule them all.

---

[1] "[T]he Houston mailbox rule applies to § 1983 complaints filed by pro se prisoners." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009), citing Houston v. Lack, 487 U.S. 266, 275-76 (1988).

i. <u>Applicable Legal Standards</u>

Under Rule 26 of the Federal Rules of Civil Procedure, [p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." <u>Id.</u>

With respect to interrogatories, a party may propound interrogatories related to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 33(a)(2). A party objecting to an interrogatory must state the grounds for the objection with specificity. Fed. Civ. P. 33(b)(4). With respect to requests for production, a party may propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 34(a). A party objecting to a request for production must state the reasons for the objection. Fed. R. Civ. P. 33(b)(2)(B).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" <u>Hunt v. County of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012) (quoting <u>Avila v. Willits Envtl. Remediation Trust</u>, 633 F.3d 828, 833 (9th Cir. 2011)).

ii. <u>Discussion</u>

Despite referencing interrogatories in the instant motion to compel, plaintiff did not provide any interrogatories or responses thereto. Plaintiff did provide copies of the request for production of documents and responses, but fails to individually address each response.

As noted above, under the Federal Rules of Civil Procedure, boilerplate objections to discovery responses do not suffice. <u>See</u> Fed. R. Civ. P. 33(b)(4); Fed. R. Civ. P. 33(b)(2)(B). In this regard, plaintiff's argument with respect to boilerplate objections is, generally speaking,[2] well

---

[2] But defendants' overbreadth objection to plaintiff's first request is sustained. Plaintiff sought his complete medical and central files from the CDCR. Plaintiff failed to limit his request as to

1  taken. However, in addition to defendants' attempt to preserve certain objections to plaintiff's
2  requests for production of documents, defendants did provide answers and responsive documents
3  to some of plaintiff's discovery requests. Plaintiff has not addressed in his motion to compel why
4  defendants' substantive responses are evasive or incomplete. In addition, plaintiff has not
5  explained why the documents defendants produced in response to the discovery requests are
6  deficient or lacking.

7  Although the court does not hold litigants proceeding pro se to the same standard that it
8  holds attorneys, at a minimum, plaintiff, as the moving party, has the burden of informing the
9  court (1) which discovery requests are the subject of his motion to compel, (2) which of the
10 defendants' responses are disputed, (3) why he believes that defendants' responses are deficient,
11 (4) why defendants' objections are not justified, and (5) why the information he seeks is relevant
12 to the prosecution of this action. This court will not examine each of plaintiff's discovery
13 requests and each of defendants' responses thereto in order to determine whether any of
14 defendants' substantive responses are somehow deficient. See e.g. Gamez v. Gonzalez, 2015 WL
15 236684 at * 10 (E.D. Cal. Jan.16, 2015) (Plaintiff may not simply assert . . . that he is dissatisfied
16 for general reasons with Defendants' objections, and that he wants an order compelling
17 production of documents.); Calloway v. Kelley, 2014 WL 7140576 at *2 ("Plaintiff bears the
18 burden of identifying which responses are in dispute and providing sufficient information so that
19 the Court can discern why he is challenging the response. It is insufficient for Plaintiff to merely
20 attach all discovery requests and responses thereto and claim he is not satisfied and request a
21 further response.").

22 Finally, the court notes that in some instances where defendants refused to turn over
23 documents, defense counsel made clear that they were not in possession of the documents or that
24 plaintiff had equal access to the documents in his medical and central file. (See, e.g., ECF No. 34
25 at 9.) Plaintiff is advised that this court cannot order a defendant to produce documents that do
26 not exist or are not in the defendant's possession or control. See Fed. R. Civ. P. 34(a) (1); see

---

28 time or scope. Moreover, as discussed below, plaintiff has access to both these files through prison policy and procedures.

1   also United States v. Int'l Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir.
2   1989) (a party seeking production of documents bears the burden of showing the opposing party
3   has control over them).  The court will not order defendants to produce documents that are
4   equally accessible to plaintiff in his medical or central file.  See, e.g., Quezada v. Lindsey, 2014
5   WL 5500800 at *3 (E.D. Cal. Oct. 30, 2014) ("Since any ordinances and laws governing health
6   and safety are public documents, which are equally available to Plaintiff, Defendants cannot be
7   compelled to produce them."); Ford v. Wildey, 2014 WL 4354600 at * 4 (E.D. Cal. Sept. 2, 2014)
8   ("Defendant indicates that any such documents are located in his central file for which Plaintiff
9   has equal access.  This response complies with Rule 34 of the Federal Rules of Civil Procedure. .
10  . ."); Valenzuela v. Smith, 2006 WL 403842 at *2 (E.D. Cal. Feb.16, 2006) (defendants will not
11  be compelled to produce documents that are "equally available to plaintiff in his prison medical
12  file or in the prison law library.").
13          For all of the above reasons, plaintiff's "extended" motion to compel is denied.
14  III.  Request to Extend Discovery Deadline
15          On May 18, 2015, plaintiff filed a request to extend discovery for an additional 45 days.
16  Plaintiff claims that on April 20, 2015, he received a notice of renewal of involuntary medication
17  notice, which required him to research issues pertinent thereto from April 20, 2015, to May 7,
18  2015, in preparation for an administrative hearing on May 14, 2015.  (ECF No. 35 at 6.)  Plaintiff
19  argues that due to these exceptional circumstances, he needs an additional 45 days in which to
20  draft subpoenas,[3] interrogatories, requests for admissions, and other pretrial motions.  (ECF No.
21  35 at 6.)
22          "The district court is given broad discretion in supervising the pretrial phase of litigation."
23  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal
24  quotation marks omitted).  Rule 16(b) provides that "[a] schedule may be modified only for good
25  cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified

---

[3] To the extent plaintiff intends to draft subpoenas for the appearance of witnesses at trial, once dispositive motions are resolved, the court will issue a further scheduling order setting the deadlines for filing pretrial statements, as well as pretrial conference and jury trial dates.  Because no court hearings are presently scheduled, no subpoenas are required at this time.

'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"
Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

Here, plaintiff acknowledges that the discovery deadline expired on April 15, 2015. Thus, all of plaintiff's exceptional circumstances took place after the deadline had already run.

Moreover, the initial discovery order issued on October 24, 2014, and has been extended twice: once on February 11, 2015, at the request of defendants; again, on March 9, 2015, at the request of plaintiff. This action was filed on July 18, 2013, and the parties have had more than a generous opportunity in which to conduct discovery. In addition, plaintiff failed to identify the specific discovery sought. To date, plaintiff has propounded interrogatories and requests for production of documents. At least some of the documentary evidence plaintiff requires should be available to plaintiff through review of his central and medical files by following prison policy and procedures. Given that the parties have had from October 24, 2014, until April 15, 2015, in which to propound discovery, plaintiff fails to demonstrate diligence warranting a third extension of the discovery deadline. Thus, plaintiff's motion to extend the discovery deadline is denied.

It appears that plaintiff also seeks to extend the deadline for filing pretrial motions. At present, pretrial motions are due on or before July 1, 2015. Plaintiff has shown good cause to delay the filing of pretrial motions based on the issue of involuntary medication, as well as the rulings on his motions for discovery set forth above. Therefore, the pretrial motions deadline is extended to August 17, 2015.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 32) is denied;

2. Plaintiff's "extended" motion to compel (ECF No. 34) is denied;

3. Plaintiff's motion to modify the scheduling order (ECF No. 35) is granted in part, and denied in part, as follows:

    a. Plaintiff's motion to extend the discovery deadline is denied;

    b. The motion to extend the pretrial motions deadline is granted; and

////

    c. Pretrial motions shall be filed on or before August 17, 2015.  In all other respects the initial discovery and scheduling order remains in effect.

Dated:  May 27, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/spri1442.mtc+