UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD,<br><br>    Plaintiff,<br><br>  v.<br><br>L. BENDER, et al.,<br><br>    Defendants. | No. 2:13-cv-1442 KJN P |

Plaintiff is a state prisoner, proceeding pro se. On July 7, 2017, plaintiff filed a motion to reopen this action. (ECF No. 54.) Plaintiff objects that the settlement proceeds were to be paid to his father, Michael Springfield, but that the necessary documents were not processed. Plaintiff claims that on June 2, 2017, an attorney general told plaintiff that Michael Springfield would be paid in a matter of weeks. On June 28, 2017, the attorney general stated that the settlement proceeds would be put in plaintiff's trust account since his restitution fine exceeds the settlement proceeds. However, plaintiff contends that he only owes $2,000 in restitution fines, and that the larger restitution due the victim is only to be paid from his prison wages. Plaintiff asks the court to reopen this action because defendants failed to pay Michael Springfield as agreed, and because it took more than two and a half years to pay the settlement proceeds. (ECF No. 54 at 3.)

On August 23, 2017, defendants filed their opposition. Defendants contend that this action may be reopened only under extraordinary circumstances such as fraud, misrepresentation

1

or misconduct, none of which is present here. Defendants concede that payment of the settlement has been delayed due to a number of factors, including plaintiff's failure to recall his social security number, but argue that they are legally obligated to pay the settlement proceeds toward plaintiff's outstanding restitution, despite plaintiff's preference that his father receive the settlement proceeds.

Rule 60(b) provides:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60. If a settlement agreement is repudiated, "the frustrated party may sue anew for breach of the agreement and may not, as here, reopen the underlying litigation after dismissal." Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162, 937 F.2d 408, 410 (9th Cir. 1991).

The record reflects that on October 22, 2015, another magistrate judge settled this action. On January 11, 2016, both sides signed a stipulation for voluntary dismissal of this action, and this case was dismissed with prejudice on January 28, 2016. (ECF Nos. 47, 48.)

It is undisputed that plaintiff has not yet received the settlement proceeds.

In this court's experience, such a delay in processing settlement proceeds is unprecedented. However, although defense counsel concedes there was an initial

miscommunication with staff counsel resulting in his belief that the payment was in process as of January 11, 2016, plaintiff did not notify anyone about the nonpayment until he filed his March 1, 2017 request with the court. Plaintiff fails to explain why he did not earlier notify opposing counsel or the court concerning the failure to pay the settlement proceeds. In addition, the preparation of the payee data record was delayed by plaintiff's inability to recall his social security number. Indeed, DSH staff counsel did not receive plaintiff's completed payee data record until June 8, 2017. (ECF No. 57-1 at 2.)

Moreover, despite plaintiff's desire to have the proceeds paid to his father, defendants are required by law to direct payment of any settlement proceeds to plaintiff's trust account to pay restitution. Cal. Penal Code section 2085.8(a). Plaintiff cites to no legal authority for his position that restitution to his victim must only be paid from plaintiff's prison wages. Further, plaintiff is aware of his restitution obligation as was addressed on the record during the December 13, 2016 settlement of his case, Springfield v. Bender, Case No. 2:15-cv-2131 KJN P (E.D. Cal.).[1] In that case, the undersigned reminded plaintiff he owed about $14,000 in restitution, "so he's actually not going to see any of this money but it's going to be applied against his restitution to pay that down." Id. (ECF No. 27 at 3). Plaintiff was informed that settlement proceeds must first be applied against the restitution owed by the plaintiff. Id.

The delay in processing the settlement of this case has been highly unusual. But plaintiff identifies no fraud, misrepresentation, or misconduct that warrants reopening of the underlying action. Defendants' counsel confirmed that as of August 22, 2017, DSH's chief counsel authorized the settlement payment, and DSH's accounting department was coordinating with the California Department of Corrections and Rehabilitation to submit the payment to the State Controller's Office for final processing. (ECF No. 57-1 at 3.) Due to this unusual delay, defendants' counsel is ordered to notify the court when the proceeds are paid to plaintiff's trust account, and is cautioned that any further delay, separate and apart from the internal delay

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

resulting from the processing of the payment through the appropriate channels, may result in the imposition of sanctions.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to reopen the case (ECF No. 54) is denied; and
2. Counsel for defendants shall notify the court when the settlement proceeds have been posted to plaintiff's inmate trust account.

Dated: August 30, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/spri1442.set.enf