UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L. BENDER,<br><br>　　　　　Defendants. | No. 2:13-cv-1442 MCE KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Both parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On October 22, 2015, another magistrate judge settled this action, and on January 11, 2016, the parties filed a stipulation to voluntarily dismiss this action. On August 31, 2017, plaintiff's motion to re-open this case was denied.

On September 15, 2017, under the mailbox rule,[1] plaintiff filed a document styled, "Objection to Defendant[s'] Response to Plaintiff['s] Motion to Reopen Case." (ECF No. 61.) However, under Local Rule 230(l), plaintiff's reply to defendants' opposition was due August 30, 2017. Thus, plaintiff's filing is untimely and is disregarded.

---

[1] Houston v. Lack, 487 U.S. 266, 275-76 (1988) (under the mailbox rule, pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

1

On September 19, 2017, counsel for defendants filed a notice of posting settlement fees. Counsel states "that as of September 19, 2017, the settlement proceeds have been posted to Plaintiff's inmate restitution fund." (ECF No. 59 at 1.) However, on October 13, 2017, plaintiff filed a document styled, "Notice to Court that Settlement Agreement Has Not Been Fulfilled." (ECF No. 62.) Plaintiff disputes that any funds have been deposited in his trust account or in his restitution fund, and provides a copy of his inmate statement report dated October 3, 2017, at 12:47 p.m. Plaintiff claims he also filed a four page document as Exhibit C, which would demonstrate that there have been no transactions with his trust account since August 8, 2017, but no such document is appended to his Exhibit C page.

Review of the October 3, 2017 Inmate Statement Report does not reflect a credit of $5,300.00. However, it is unclear whether the $5,300.00 deposit would reflect on this statement or whether it would be reflected on a different statement.

Moreover, in plaintiff's initial trust account statement, filed July 12, 2013, his restitution list reflected obligations of $12,284.95; $1,599.34; and $200.00 (ECF No. 2 at 3), for a total restitution due of $14,084.29. Plaintiff's October 3, 2017 restitution list reflects obligations of $12,168.03; $646.96; and $200.00 (ECF No. 62 at 12), for a total restitution due of $13,014.99. The difference between these totals does not equal $5,300.00.

In this court's August 31, 2017 order, the undersigned noted the unprecedented delay in paying plaintiff the settlement proceeds in a case settled in October of 2015. DSH staff counsel received plaintiff's completed payee data record on June 8, 2017, and as of August 22, 2017, DSH's chief counsel authorized the settlement payment, and the DSH accounting department was in the process of coordinating with the CDCR to submit the payment to the state controller's office for final processing. (ECF No. 58 at 3.) Defense counsel was ordered to notify the court when the proceeds were paid to plaintiff, and cautioned that any further delay, separate and apart from the internal delay resulting from the processing of the payment through the appropriate channels, may result in the imposition of sanctions. (ECF no. 58 at 4.)

It appears from plaintiff's October 3, 2017 statement, as well as the lack of variance between his two trust account statements filed herein, that he may not have been credited with the

$5,300.00 settlement "as of September 19, 2017." (ECF No. 59 at 1.) Thus, within ten days from the date of this order, defendants' counsel shall file a certified copy of the receipt reflecting payment of the settlement proceeds herein. If the proceeds were not credited to plaintiff's restitution balance "as of September 19, 2017," counsel shall address such discrepancy.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's objections (ECF No. 78) are untimely and disregarded; and

2. Within ten days, counsel for defendants shall file a certified copy of the receipt reflecting payment of the settlement proceeds herein, and, if there is a discrepancy as to the date the funds were credited, shall also address such discrepancy.

Dated: November 27, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/spri1442.rec